UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTONIO PAYERO and ADAM MALDONADO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MATTRESS FIRM, INC. and GLOBAL HOME IMPORTS, INC.,<br><br>Defendants. | Case No. 7:21-cv-03061-VLB<br><br> |

### Amended ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CERTIFYING SETTLEMENT CLASS, APPOINTING CLASS REPRESENTATIVE, APPOINTING CLASS COUNSEL, AND APPROVING NOTICE PLAN

The Plaintiffs in this action have filed an unopposed motion for preliminary approval of a Class Action Settlement Agreement ("Settlement Agreement"), conditional certification of the Class for settlement purposes, approval of the Plan for providing Notice to the Class, and approval of the proposed Settlement Administrator. The Court has reviewed and considered the Settlement Agreement and the accompanying exhibits.

IT IS HEREBY ORDERED as follows:

1. <u>Defined Terms</u>. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

2. <u>Preliminary Approval of Settlement</u>: The Court preliminarily approves the Settlement Agreement, and its Settlement terms, as fair, reasonable, and adequate under Rule 23, subject to further consideration at the Final Approval Hearing described below. The Court also

preliminarily finds that the Settlement Agreement has been reached as a result of an arm's-length negotiations of disputed claims.

3. <u>Class Definition</u>: Pursuant to Fed. R. Civ. P. 23, the Court preliminarily certifies, solely for purposes of effectuating the Settlement Agreement, the following Settlement Class:

> All people in the United States (including in its states, districts, territories, or tribal reservations) who purchased an HR Platform bed frame sold under the Bed Tech brand name ("Class Product") during the Class Period. Excluded from the Class are: (a) Defendants and their employees, principals, officers, directors, agents, affiliated entities, legal representatives, successors, and assigns; (b) the judges to whom the Action has been or is assigned and any members of their immediate families; and (c) all persons who timely submit Request for Exclusion from the Class.

4. <u>Class Representatives and Class Counsel</u>: The Court preliminarily appoints the law firm of Bursor & Fisher, P.A. as Class Counsel for the Settlement Class. The Court preliminarily appoints Antonio Payero and Adam Maldonado as Class Representatives.

5. <u>Preliminary Class Certification for Settlement Purposes Only</u>: The Court preliminarily finds, solely for purposes of the Settlement, that the Rule 23 criteria for certification of the Settlement Class exists in that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class; (d) the Settlement Class Representatives and Settlement Class Counsel have and will continue to fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy.

6. In addition, the Court finds that preliminary certification of the Settlement Class is appropriate when balanced against the risks and delays of further litigation.

7. <u>Class Notice</u>: The Court approves the form and content of the proposed Long Form Notice and Summary Notice (Exhibits A and B to the Settlement Agreement) and Claim Form (Exhibit C to the Settlement Agreement). The Court further finds that the method of dissemination of the Settlement Class Notice, in the manner set forth in the Settlement Agreement, as well as the establishment of a settlement website, satisfy Rule 23, due process, and constitutes the best notice practicable under the circumstances. The Notice Plan set forth in the Settlement Agreement is reasonably calculated to apprise the Settlement Class of the pendency of the Action, the class certification for settlement purposes only, the terms of the Settlement and benefits afforded, the Settlement Class Members' rights including the right to opt-out of or object to the Settlement and the deadlines and procedures for doing so, the deadline, procedures and requirements for submitting a Claim for Reimbursement pursuant to the Settlement, Class Counsel's application for Fees and Expenses and service awards for the named Plaintiff-Settlement Class representatives, the time, place and right to appear at the Final Fairness hearing, and other pertinent information about the Settlement and the Settlement Class Members' rights. The Court authorizes the Parties to make non-material modifications to the Settlement Class Notice and Claim Form prior to mailing if they jointly agree that any such changes are appropriate.

8. No later than the date specified in Paragraph 21 below, the Settlement Administrator shall provide notice to the Class pursuant to the terms of the Agreement. The Parties shall coordinate with the Settlement Administrator to provide notice to the Class pursuant to the terms set forth therein.

9. <u>Administration</u>: The Court appoints RG/2 Claims Administration, LLC as the Settlement Claim Administrator ("Claim Administrator"). The Claim Administrator is directed to

3

perform all settlement administration duties set forth in, and pursuant to the terms and time periods of, the Settlement Agreement, including mailing of the CAFA Notice, implementing and maintaining the Settlement website, disseminating the Class Notice to the Settlement Class, the processing, review and determination of timely submitted and proper Claims under the Settlement, and the submission of any declarations and other materials to counsel and the Court, as well as any other duties required under the Settlement Agreement.

10. <u>Exclusion from Class</u>. Any Class Member who wishes to be excluded from the Class must send to the Settlement Administrator by U.S. Mail a Request for Exclusion postmarked no later than the Opt-Out Date. The Request for Exclusion must be a personally signed letter from the Class Member including (a) their full name; (b) current address; (c) a clear statement communicating that they elect to be excluded from the Class, do not wish to be a Class Member, and elect to be excluded from any judgment entered pursuant to the Settlement; (d) their signature; and (e) the case name and case number of the Action. A Class Member can exclude only himself or herself from the Class, and shall not be allowed to request that another individual or group be excluded. "Mass" or "class" opt-outs are not permitted. Any request for exclusion must be postmarked and sent to the Settlement Administrator no later than the date specified in Paragraph 21 below (the "Opt-Out Deadline"). Not later than three (3) business days after the deadline for submission of Requests for Exclusion, the Settlement Administrator shall provide to Class Counsel and Defense Counsel a complete list of Class Members requesting exclusion from the Settlement together with copies of the Requests for Exclusion.

11. If the proposed Settlement is finally approved, any potential Class Member who has not submitted a timely written request for exclusion on or before the Opt-Out Deadline shall be bound by all terms of the Agreement and the Final Order and Final Judgment, even if the

4

potential Class Member previously initiated or subsequently initiates any litigation against any or all of the Released Parties relating to Released Claims. All persons or entities who properly exclude themselves from the Class shall not be Class Members and shall relinquish their rights or benefits under the Agreement, should it be approved, and may not file an objection to the Settlement or be entitled to any settlement benefits.

12. <u>Objections</u>: Any Class Member who has not filed a timely written request for exclusion may object to the fairness, adequacy, or reasonableness of the Settlement Agreement, the requested award of attorneys' fees and expenses, and/or Plaintiffs' service awards.

13. Any Class Member who wishes to object to the Settlement Agreement must timely serve a written objection to the Settlement Administrator by the date specified in Paragraph 21 below. The objection must: (1) clearly state that it is an objection to the Class Settlement in *Payero et al. v. Mattress Firm, Inc. et al.*, Case No. 7:21-cv-03061-VLB: (2) the objector's full name, address, and telephone number; (3) provide a statement, sworn to under penalty of perjury, attesting to the fact that (i) the objector purchased one or more of the Class Products during the Class Period, and (ii) the date and location of purchase; (4) provide a written statement of all grounds for the objection accompanied by any legal support for such objection; (5) provide copies of any papers, briefs, or other documents upon which the objection is based and are pertinent to the objection; (6) provide the name, address and telephone number of any counsel representing said objector; and; (7) provide a list of all other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five (5) years, including the full case name, the jurisdiction in which it was filed and the docket number. If the Class Member or his, her, their, or its counsel

5

has not objected to any other class action settlement in the United States in the previous five (5) years, he/she/they/it shall affirmatively so state in the objection.

14. Any objecting Class Member may appear, in person or by counsel, at the Final Fairness Hearing to explain why the proposed Settlement should not be approved as fair, reasonable, and adequate, or to object to any motion for Class Counsel Fees and Expenses or Class representative service award. To appear, the objecting Class Member must, by the deadline set by the Court, file with the Clerk of the Court and serve upon all counsel designated in the Class Notice, a Notice of Intention to Appear at the final fairness hearing. The Notice of Intention to Appear must include copies of any papers, exhibits or other evidence and the identity of witnesses that the objecting Class Member (or the objecting Class Member's counsel) intends to present to the Court in connection with the final fairness hearing. Any Class Member who does not provide a timely Notice of Intention to Appear in accordance with the deadline and other requirements set forth in this Settlement Agreement and Class Notice shall be deemed to have waived any right to appear, in person or by counsel, at the Final Fairness Hearing.

15. Any Settlement Class Member who has not properly filed a timely objection in accordance with the deadline and requirements set forth in this Order and Class Notice shall be deemed to have waived any objections to the Settlement Agreement and any adjudication or review of the Settlement Agreement by appeal or otherwise.

16. <u>Preliminary Injunction</u>. All Class Members and/or their representatives who do not timely and properly exclude themselves from the Class are barred and enjoined from directly, indirectly, derivatively, in a representative capacity, or in any other capacity filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing any action in any forum (state or federal) as individuals, class members, putative class members, or otherwise

against the Released Parties (as defined in the Agreement) in any court or tribunal asserting any of the Released Claims (as defined in the Agreement), and/or from receiving any benefits from any lawsuit other than this one, administrative or regulatory proceeding, or order in any jurisdiction, arising out of, based on, or relating to the Released Claims. In addition, all such persons are hereby barred and enjoined from filing, commencing, or prosecuting a lawsuit against Defendant (or against any of its related parties, parents, subsidiaries, or affiliates) as a class action, a separate class, or group for purposes of pursuing a putative class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members who do not timely exclude themselves from the Class, arising out of, based on, or relating to the Released Claims. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

17. <u>Termination of Settlement</u>. If the Court does not grant final approval to the Settlement Agreement, or for any reason the parties fail to obtain a Final Order and Final Judgement as contemplated in the Settlement Agreement, or the Settlement Agreement is terminated pursuant to its terms for any reason, or the Effective Date does not occur for any reason, then the Parties shall be restored to their respective pre-settlement positions in the Action, including with regard to any agreements concerning tolling and similar agreements, and this entire Agreement shall be null and void, shall have no further force and effect with respect to any Party in the Action, and shall not be offered in evidence or used in any litigation for any purpose, including the existence, certification, or maintenance of any purported class or Defendant's liability with respect to the claims that are, were or could have been asserted in the

Action. In the event of such, this Agreement and all negotiations, proceedings, documents prepared, and statements made in connection with it shall be without prejudice to the Parties, and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law, and shall not be used in any manner for any purpose, and all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

18. In the event of termination, the terminating Party shall cause the Settlement Administrator to post information regarding the termination on the Settlement Website

19. Alteration of Exhibits. Plaintiffs' Counsel and Defense Counsel are hereby authorized to use all reasonable procedures to further the administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Long Form Notice, Summary Notice, and other exhibits that they jointly agree are reasonable or necessary.

20. Retaining Jurisdiction. This Court shall maintain continuing jurisdiction over these settlement proceedings to ensure the effectuation thereof for the benefit of the Class, and for any other necessary purpose.

21. Settlement Deadlines. Based on the foregoing, the Court sets the schedule below for the Final Fairness Hearing and the actions which must precede it. If any deadline set forth in this Order falls on a weekend or federal holiday, then such deadline shall extend to the next business day. These deadlines may be extended by order of the Court, for good cause shown, without further notice to the Class. Settlement Class Members must check the Settlement website regularly for updates and further details regarding this Settlement:

| Event | Date Ordered By Court |
|---|---|
| Notice Date | February 17, 2023 |
| Application for service awards and Attorneys' Fees and Expenses | March 3, 2023 |
| Objection and Opt-Out Deadline | March 20, 2023 |
| Final Approval Motion and response to any objections | April 28, 2023 |
| Deadline to submit notices of appearance at the Final Approval Hearing | April 28, 2023 |
| Claims Administrator submits declaration (1) stating the number of claims, requests for exclusion, and objections to date and (2) attesting that Notice was disseminated in a manner consistent with the Settlement Agreement or otherwise required by the Court. | May 18, 2023 |
| Final Approval Hearing | June 1, 2023 at 10:30 a.m. |
| Claim Deadline | June 20, 2023 |
| Award Issuance Date | Begins 30 days after Effective Date or Claim Deadline, whichever is later |

IT IS SO ORDERED, on 1/24/2023
                         (date)

_____
The Honorable Vincent L. Briccetti
United States District Judge

The Clerk is instructed to VACATE DOC. #63.

9